803 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LULA MOBLEY; RAYMOND DUPREE BRUTON, a minor by Lula Mobley,
his mother and next friend; JAMES MONTIER BRUTON,
a minor by Lula Mobley, his mother and
next friend, Plaintiffs-Appellants
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee
 No. 85-3671.
 United States Court of Appeals, Sixth Circuit.
 Sept. 9, 1986.
 
 Before: MARTIN and GUY, Circuit Judges; and SUHRHEINRICH,* District Judge.
 PER CURIAM.
 
 
 1
 Lula Mobley appeals claiming that the final decision of the Secretary of the Department of Health and Human Services denying Lula's application for surviving child's benefits, 42 U.S.C. Sec. 402(d), 42 U.S.C. Sec. 416(h)(2), and mother's insurance benefits, 42 U.S.C. Sec. 402(g), 42 U.S.C. Sec. 416(c) & (d), was in error. Lula argues that she was the common law wife of Willie Mobley at the time of his death in January, 1978, and that, as a result, her two children, Raymond and Jamel Bruton, were legal stepchildren of Willie. As stepchildren of Willie, a currently insured individual at the time of his death, Lula claimed that her children deserved surviving child's benefits. Lula claimed that as the children's mother, Lula deserved mother's insurance benefits.
 
 
 2
 The evidence reflects that Willie Mobley married Emma Mobley in 1972. The couple's divorce was final on November 26, 1974. On February 15, 1975, Willie married Lula Mobley. The marriage ended in divorce in November, 1976. Both Emma and Lula claim to have been Willie's common-law wife at the time of his death. Emma claims that she and Willie lived together as husband and wife from 1976 until Willie's death. In 1978, the Social Security Administration granted mother's insurance benefits to Emma and surviving child's insurance benefits to her children, Joseph and Naomi Fail. Lula claims that she began living with Willie as husband and wife in January of 1977, and continued to do so until his death. Lula's application for benefits was first filed in 1981.
 
 
 3
 For Lula's children to receive benefits as legal stepchildren of Willie, the regulations specify that Lula must have been married to Willie, the deceased wage earner, at the time of his death. The marriage must have been valid under state law. In addition, Lula's children must have been Willie's stepchildren for at least nine months prior to Willie's death. The marriage must also have lasted nine months. 20 C.F.R. Sec. 404.357. Lula can receive mother's insurance benefits only if the children are found to be entitled to benefits. 20 C.F.R. Sec. 404.339(e).
 
 
 4
 Lula was not ceremonially married to Willie at the time of his death, but she claims that she was his common law wife. Under Ohio law, a common law marriage exists only if there is an agreement to marry in praesenti by parties competent to contract a marriage, followed by cohabitation as husband and wife with the result that they are treated and reputed as husband and wife in the comunity in which they reside. Markley v. Hudson, 143 Ohio St. 163, 54 N.E.2d 304, 307 (1944).
 
 
 5
 The administrative law judge found that no valid common law marriage existed between Lula and Willie. The administrative law judge found that the evidence did not reflect a clear agreement to be married in the present as opposed to the future. In addition, the evidence did not prove cohabitation. Therefore, the administrative law judge determined that neither Lula or her children deserved benefits. The Secretary adopted the administrative law judge's findings and decision and the district court affirmed.
 
 
 6
 When reviewing a decision of the Secretary, the Secretary's findings must be upheld if substantial evidence supports them. Richardson v. Perales, 402 U.S. 389 (1971). "Substantial evidence" means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."' Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). See also Kirk v. Secretary of Health and Human Services, 667 F.2d 524 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This deference means that we do not analyze whether substantial evidence supports the conclusion the claimant desires. Substantial evidence may very well support that position. However, as long as substantial evidence also supports the Secretary's position, even though that position might be and usually is diametrically opposed to that of the claimant, the Secretary's determination must stand.
 
 
 7
 Substantial evidence does support the administrative law judge's findings. Lula testified that she and Willie began living together in January, 1977. She testified that they separated in March, 1977, but began living together again in October, 1977. Emma claimed that she and Willie lived together as husband and wife from 1976 until Willie's death. A co-worker of Willie's testified that he usually picked up Willie at Lula's home to drive him to work but that approximately once a month he picked Willie up at Emma's home. The co-worker testified that in 1977, Willie discussed with him the possibility of remarrying Lula. Emma's sister stated in an affidavit that Emma and Willie lived continuously as husband and wife from 1975 until his death. Emma's nephew corroborated Emma's claim. A friend of Willie's testified that Willie moved in with Lula in early 1977 but moved to Beatrice Carson's apartment until November or December of 1977 when he again moved in with Lula. Lula and Willie filed joint tax returns for 1977 and Lula signed a Consent to Operate form and a Release of Body to the Undertaker form as Willie's wife. Lula submitted four affidavits and four statements regarding marriage in support of her position. Emma submitted six documents supporting her position.
 
 
 8
 In light of this evidence, the administrative law judge's conclusions are supported by substantial evidence. The testimony of Willie's friend that Willie was thinking of remarrying Lula in the future is certainly evidence that Willie and Lula did not already have an existing agreement that they were married and did not consider themselves married in the present. The testimony of Emma and her supporting witnesses that Willie lived with Emma during the time in question supports the administrative law judge's conclusion that the cohabitation of Lula and Willie was not proven. Lula's own testimony that Willie lived elsewhere for six months of 1977 and the testimony of Willie's co-worker that even when he usually picked Willie up at Lula's, he sometimes found him at Emma's also supports a finding of no proof of cohabitation. Therefore, the administrative law judge did not err in concluding that no valid common law marriage existed between Lula and Willie in 1977 and that as a result, benefits shold not be allowed.
 
 
 9
 We affirm.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, United States District Judge for the Eastern District of Michigan, sitting by designation